ACCEPTED
15-25-00039-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/2/2025 6:29 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00039-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/2/2025 6:29:47 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH DISTRICT COURT OF APPEALS FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

**Nonparty Patient No. 1, Nonparty Patient No. 2, Nonparty Patient No. 3, Nonparty Patient No. 4, Nonparty Patient No. 5, Nonparty Patient No. 6, Nonparty Patient No. 7, Nonparty Patient No. 8, Nonparty Patient No. 9, Nonparty Patient No. 10, and Nonparty Patient No. 11,**
*Real Parties-in-Interest*[1]

On Petition for Writ of Mandamus
From the 95th District Court at Dallas County, Texas,
Cause No. DC-25-01823
The Honorable Judge Monica Purdy, Presiding

## RESPONSE IN OPPOSITION TO RELATOR'S PETITION FOR WRIT OF MANDAMUS

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
Jonathan Hung
Texas Bar No. 24143033
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
owogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

---

[1] In describing themselves as Real "Parties" in Interest, the Nonparty Patients do not waive their contention that they are Nonparties. They simply are using the standard nomenclature for litigants participating in a mandamus proceeding.

# TABLE OF CONTENTS

Page

Statement of the Case........................................................................ iv

Record References ............................................................................ iv

Statement of Jurisdiction...................................................................v

Issues Presented ...............................................................................v

Introduction.....................................................................................1

Background .....................................................................................2

Standard of Review.........................................................................7

Argument.........................................................................................8

    I.      The Trial Court Correctly Denied the State's Plea in Abatement ........8

          A.     Abatement Does Not Apply to Motions for Protection
                Under Rule 176.6(e)...................................................................8

          B.     The State's Petition Proves that Abatement Does Not
                Apply ..................................................................................11

    II.     The Trial Court's Order Simply Memorialized the State of the
          Case .....................................................................................14

    III.    The State has Failed to Prove it is Entitled to Mandamus Relief .......16

Conclusion and Prayer .....................................................................16

i

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*A-Rent Test Equip. LLC v. Shermco Indus.*,
2024 WL 339377 (Tex. App.—Dallas Jan. 30, 2024) ........................................ 13

*City of Rockwall v. Hughes*,
246 S.W.3d 621 (Tex. 2008) ........................................................................ 10

*Coastal Oil & Gas Corp. v. Garza Energy Tr.*,
268 S.W.3d 1 (Tex. 2008) ............................................................................ 12

*In re Creuzot*,
2024 WL 4784362 (Tex. App.—Dallas Nov. 14, 2024, no pet.) .............. 2, 4, 15

*Encore Enters., Inc. v. Borderplex Realty Tr.*,
583 S.W.3d 713 (Tex. App. 2019) ................................................................ 13

*In re Happy State Bank*,
2018 WL 1918217 (Tex. App.—Fort Worth Apr. 23, 2018, orig.
proceeding) .................................................................................................. 13

*Hiles v. Arnie & Co.*,
402 S.W.3d 820 (Tex. App.—Houston [14th Dist.] 2013, pet.
denied) .......................................................................................................... 12

*In re J.B. Hunt Transport, Inc.*,
492 S.W. 3d 287 (Tex. 2016) ........................................................ 7, 8, 11, 12

*Miles v. Ford Motor Co.*,
914 S.W.2d 135 (Tex. 1995) ........................................................................ 12

*Perry v. Del Rio*,
66 S.W. 3d 239 (Tex. 2001) .......................................................................... 13

*In re Puig*,
351 S.W.3d 301 (Tex. 2011) ........................................................................ 13

*In re Reed*,
2007 WL 4440901 (Tex. App.—Waco Dec. 19, 2007) ........................ 5, 10, 15

*In re Tex. Christian Univ.*,
  571 S.W.3d 384 (Tex. App.—Dallas 2019) .......................................................13

*Torrington Co. v. Stutzman*,
  46 S.W. 3d 829 (Tex. 2000)..............................................................................16

*Wyatt v. Shaw Plumbing Co.*,
  760 S.W. 2d 245 (Tex. 1988) .......................................................................7, 12

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8).......................................................14

**Other Authorities**

Tex. R. Civ. P. 176.6...............................................................................2, 4, 15

Tex. R. Civ. P. 176.6(e) ...............................................................................*passim*

Tex. R. Civ. P. 192.6(b) .................................................................................1, 9

Tex. R. Evid. 509 ...........................................................................................3

Tex. R. Evid 510 ............................................................................................3

## STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case:* | In this case, eleven Nonparty Patients filed a Rule 176.6(e) and 192.6(a) challenge to two State-issued subpoenas that were served in Dallas County. RMR.233–35. The Nonparty Patients argued that the State's subpoenas improperly sought records protected by the physician-patient privilege and mental health information privilege. RMR.235; *see also* Tex. R. Evid. 509, 510. |
| *Trial Court:* | 95th Judicial District Court, Dallas County<br>The Hon. Monica McCoy Purdy |
| *Course of the Proceedings:* | After the Nonparty Patients filed their petition, RMR.233, the State filed a plea to the jurisdiction and plea in abatement, arguing (1) sovereign immunity shielded it from any Dallas County court proceeding, and (2) dominant jurisdiction precluded the Dallas County court from issuing any ruling. RMR.340. |
| *Disposition of the Trial Court:* | During a hearing, the trial court denied the State's pleas. RMR.401, 479. The court then heard argument on the Nonparty Patients' petition for protection. RMR.479. In the middle of that proceeding, the State filed an interlocutory appeal contesting the trial court's denial of the State's plea to the jurisdiction. RMR.402, 426, 499, 501. The trial court then stayed all production obligations under the subpoenas. RMR.402–03, 503–04, 506, 509. This mandamus petition followed. |

## RECORD REFERENCES

"MR" refers to the mandamus record filed by Relator. "RMR" refers to the supplemental mandamus record filed by Real Parties-in-Interest Nonparty Patients.

iv

## STATEMENT OF JURISDICTION

The Court has jurisdiction under Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) and Tex. Gov't Code § 22.220(d)(1).

## ISSUES PRESENTED

1. Does abatement apply to a nonparty's motion for protection filed in the jurisdiction of service of a subpoena pursuant to Texas Rule of Civil Procedure 176.6(e)?

2. Did the trial court's order staying production under the subpoenas to maintain the status quo injuriously affect the rights of the State?

3. Has the State proven an abuse of discretion by the trial court in (i) denying its Plea in Abatement as to the nonparty's motion for protection filed in the jurisdiction of service of a subpoena pursuant to Texas Rule of Civil Procedure 176.6(e), and (ii) its issuance of a stay of production to maintain the status quo while the State's interlocutory appeal was pending?

**INTRODUCTION**

The State's Petition for Mandamus should be denied.

***First***, the Court has before it a simple issue: whether abatement applies to a nonparty's motion for protection filed in the county of service of a subpoena pursuant to Texas Rule of Civil Procedure 176.6(e). The answer, unsurprisingly, is no. Instead of squarely addressing this issue, the State spends the bulk of its Petition presenting a misleading (and at times inaccurate) summary of proceedings followed by a conclusory and incorrect application of the law. The plain language of Rule 176.6(e) is clear: "A person commanded to appear at a deposition, hearing, or trial, or to produce and permit inspection and copying of designated documents and things, and any other person affected by the subpoena, may move for a protective order under Rule 192.6(b)—before the time specified for compliance—***either*** in the court in which the action is pending ***or*** in a district court in the county where the subpoena was served." Tex. R. Civ. P. 176.6(e).[2] The State's claim that the district court "abused its discretion by denying the State's plea in abatement" (Pet. at 10) is meritless and thus its Petition should be denied.

***Second***, the State's argument regarding the Dallas County Court's Order staying production is misplaced. The Dallas County Court's Order staying production did not further the proceedings below; it was a simple memorialization

---

[2] All emphasis herein is added unless otherwise noted.

of the state of the case when the stay went into place. *Compare* RMR.504–05 *with* RMR.402. "Pursuant to rule 176.6, a motion to for protective order ***stays a request for testimony and production of records until such time as the trial court rules on the motion***." *In re Creuzot,* 2024 WL 4784362, at \*4 (Tex. App.—Dallas Nov. 14, 2024, no pet.). The Nonparty Patients' Motion for Protection in the Dallas County Court, filed well before the State's interlocutory appeal, is still pending. Thus, the productions under those subpoenas were already stayed by the interlocutory appeal as a function of the rules, and the Dallas County Court's challenged Order granted no further relief.

## BACKGROUND

On October 17, 2024, the State sued Dr. May C. Lau in the 493rd District Court in Collin County ("Collin County Court"). RMR.43, 77. On January 16, 2025, the State noticed an intent to serve nonparty subpoenas on Children's Health System of Texas ("Children's") and the University of Texas Southwestern Medical Center ("UT Southwestern Medical Center"). *See* RMR.22, 31. Both subpoenas were served on January 24, 2025 in Dallas County. *Id*.

Invoking Tex. Civ. P. Rule 176.6(e), eight Nonparty Patients filed their Petitions for Motion for Protection in Dallas County—the county of service—on February 3, 2025. RMR.11. They subsequently amended their petitions twice, on February 20 and March 3. RMR.102 (adding three Nonparty Patients); RMR.233

2

(adding two paragraphs on sovereign immunity). On February 24, 2025, the Nonparty Patients noticed a March 12, 2025 hearing, during which the Dallas County Court would hear argument on the Nonparty Patients' request for protection. MR.566–68.

The Nonparty Patients also filed a Motion for Protection from party-related discovery (requests for admission, requests for production, and interrogatories) in Collin County Court on February 24, 2025. RMR.359. The Nonparty Patients did so because, as they also explained in their proposed order to the Dallas County Court, "the materials sought are protected from disclosure under Tex. R. Evid. 509 and Tex. R. Evid 510, and because the scopes of the requests as written are impermissibly broad and unnecessarily encompass irrelevant subject matter, such that [they] are not proportional to the needs of the underlying litigation." RMR.391. The parties and nonparties conferred on the scope of the requests in good faith over the course of several hours across multiple days but were unable to come to an agreement.

On February 26, 2025, the Collin County Court conducted a hearing to consider the parties' motions about *party* discovery—the contested requests for admission, requests for production, and interrogatories. MR.393. But during that hearing, the Collin County Court took up discovery under the subpoenas on *nonparty* hospital systems, despite the Nonparty Patients' objections that those issues were before the Dallas County Court. MR.466–67. And despite the upcoming

3

March 12, 2025 hearing in Dallas County, the Collin County Court instructed the parties—over the Nonparty Patients' objections—to confer on protocols and frameworks for producing materials covered by the challenged subpoenas, explaining that no rights or objections would be waived as any such conferences would need to take place in either Court. MR.486–88. The Nonparty Patients participated in the conference but maintained their objections and privilege assertions on the challenged subpoenas. MR.489–90. Any concessions purportedly made by the State were of its own volition, not coaxed by any actions of the Nonparty Patients. The parties and nonparties did not reach an agreement production protocols under the subpoena, and the Collin County Court did not hear the Nonparty Patients' Motion for Protection from Party Discovery.

Due to the State's persistence and the Collin County Court's repeated discussion of production under the challenged subpoenas, on February 27, 2025, the Nonparty Patients filed a Motion to Stay any productions in the Collin County Court until the Motion for Protection in the Dallas County Court was heard. MR.495. Under Texas law, when a request for protection is filed for a subpoena, the subpoena itself is stayed (and therefore, documents should not be produced until the Dallas Motion for Protection is adjudicated). *In re Creuzot*, 2024 WL 4784362, at *4 (Tex. App.—Dallas Nov. 14, 2024, no pet.) ("Pursuant to rule 176.6, a motion for protective order stays a request for testimony and production of records until such

4

time as the trial court rules on the motion."); *In re Reed*, 2007 WL 4440901, at *2 (Tex. App.—Waco Dec. 19, 2007) (finding an abuse of discretion where a court ordered compliance with a subpoena, even though a motion to protect was pending in another court). No Court has yet adjudicated the Nonparty Patients' objections or assertions of privileges on the subpoenas, which are presently pending in Dallas County Court.

On February 28, 2025, the Collin County Court held a second hearing to take up the remainder of the pending motions there. RMR.361. The Nonparty Patients objected to any productions under the subpoenas pursuant to their Motion to Stay, explaining that they objected to any productions thereunder because their Motion for Protection in Dallas remained pending. *Id*. The Collin County Court, however, still ordered the hospital systems to prepare productions and provide them to the Collin County Court and Nonparty Patients before the Dallas County Court's March 12 hearing, even though there was no pending motion regarding this discovery in Collin County. MR.569. The Collin County Court further ordered productions for unrepresented patients at the urging of the State, even though the State cited no authority to show the Collin County Court could determine, for the Dallas County Court, which portions of the subpoena should remain stayed or move forward. RMR.592–96.

Given the apparent imminent threat to the Dallas County Court's clear jurisdiction, the Nonparty Patients asked the Dallas County Court for an earlier hearing. RMR.361. The Nonparty Patients had informed the State that they were planning on making this request and asked it to join. *Id*. The Nonparty Patients offered to have the State's purported plea to jurisdiction taken up at the same hearing if it would join in the request for the expedited hearing. *Id*.  It did not do so. *Id*. The hearing in the Dallas County Court, originally scheduled for March 12, 2025, was set for March 6, 2025. *See* RMR.194.

The State then filed its Emergency Plea to the Jurisdiction and Plea in Abatement to the Dallas County Court on March 3, 2025. MR.576. Relevant here is the State's Plea in Abatement.[3] At the March 6 hearing, the trial court denied the State's Plea in Abatement, which advanced the same arguments presented in its Petition here. *See* RMR.401, 479.

Following this oral order, and in the middle of the hearing on March 6, the State filed an interlocutory appeal as to the denial of its Plea to the Jurisdiction and asserted that such appeal automatically stayed the proceedings. *See* RMR.402, 499. Consistent with such a stay, the trial court entered an order memorializing that the hospitals' production obligations under the subpoenas are stayed while the motion

---

[3] The State's interlocutory appeal of the denial of its Plea to the Jurisdiction has been separately briefed in Cause No. 15-25-00031-CV, for which oral argument has been consolidated with the present matter.

6

for protection is pending. RMR.402–03; RMR.503–04, 506, 509; *see also* RMR.429

(explaining why the trial court's stay comported with the law).[4]

Despite the compulsory stay of the subpoenas, and the Dallas County Court's

Order memorializing that stay, the Collin County Court issued orders compelling

production from Children's and UTSW on March 20, 2025 and March 26, 2025,

respectively. MR.722, 725–26 (March 20); MR. 745 (March 26). This Court then

stayed production under these orders on March 21, 2025, and April 24, 2025,

respectively.[5] RMR.605–10.

### STANDARD OF REVIEW

In considering mandamus relief as to the denial of a plea in abatement, the

reviewing court must "begin [its] analysis by asking whether [it] must reach the

dominant jurisdiction question," which "only arises 'when an inherent interrelation

of the subject matter exists in two pending lawsuits.'" *In re J.B. Hunt Transport,*

*Inc.*, 492 S.W. 3d 287, 292 (Tex. 2016) (quoting *Wyatt v. Shaw Plumbing Co.*, 760

S.W. 2d 245, 247 (Tex. 1988)). "If such an inherent interrelationship exists, [the

court] then assess[es] dominant jurisdiction. But if not, then dominant jurisdiction is

---

[4] As the State's Petition notes, there are two trial court proceedings involving another physician, Dr. M. Brett Cooper, and three related appellate proceedings. Pet. at 3-6. Although the legal issues in those matters share some overlap with this appeal, for the sake of brevity and clarity, the Nonparty Patients omit them from their discussion.

[5] Cause No. 15-25-00031-CV.

7

not an issue, and both suits may proceed." *Id.* Only if there is a finding that another trial court has dominant jurisdiction does the reviewing court proceed to the second step, determining "whether the trial court abused its discretion in denying the plea in abatement." *See id.* Only if the trial court did abuse its discretion does the reviewing court proceed to the third step, determining whether realtor "is entitled to mandamus relief." *See id.*

**ARGUMENT**

The State's Petition for Mandamus should be denied.

## I.    The Trial Court Correctly Denied the State's Plea in Abatement

The State's Petition for Mandamus as to its Plea in Abatement is fundamentally flawed. Premised on the false presumption that abatement can apply to motions for protection under Rule 176.6(e) at all, the State ignores the absurdity of its own argument.

### A.    Abatement Does Not Apply to Motions for Protection Under Rule 176.6(e)

The State has presented no case—and undersigned counsel are not aware of any case—where abatement was entered on a Motion for Protection from a nonparty subpoena under Rule 176.6(e) because the action under which the subpoenas were issued was pending in a different district court. This is unsurprising. Such a result would render the Rule meaningless.

The State failed to discuss Rule 176.6(e) *at all* in its Petition outside of the lone mention of it in reference to the Nonparty Patient's Motion for Protection. Petition at 4. Appearing to concede its import, the State's avoidance of the Rule only highlights why the State feels the need to raise irrelevant, unrelated arguments in its Petition to try to dodge the issue. The State's silence speaks volumes.

The plain language of the Rule makes clear that abatement does not apply: "A person commanded to appear at a deposition, hearing, or trial, or to produce and permit inspection and copying of designated documents and things, and any other person affected by the subpoena, may move for a protective order under Rule 192.6(b)—before the time specified for compliance—***either*** in the court in which the action is pending ***or*** in a district court in the county where the subpoena was served." Tex. R. Civ. P. 176.6(e). Stated differently, Rule 176.6(e) offers those affected by a subpoena two places to seek protection—either (1) the court in which the action is pending; or (2) a district court in the county of service. The statute does not condition either option on any prerequisites. Nor does it limit the latter option to situations where the former cannot be used. Rather, it explicitly offers both options to "*any* other person affected by the subpoena" without exception.

A subpoena is almost always issued from an already pending proceeding in some district court. If a "district court in the county where the subpoena was served" lacked jurisdiction to consider a Motion for Protection because the action under

9

which authority the subpoena was served was pending in another district court, then this clause of Rule 176.6(e) could **never** be invoked. The Supreme Court of Texas surely did not envision such an absurd result when promulgating the Rules of Civil Procedure.

If jurisdiction was only to lie in the court in which the action is pending, the second option would be rendered a nullity. Per the canons of statutory interpretation, which direct courts to construe statutes according to their plain and ordinary meaning without leading to absurd or nonsensical results, this cannot be so. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008).

This is further underscored by it being an abuse of discretion in Texas for a trial court in the underlying lawsuit to enter an order for production when a motion for protection is pending in a different county under Rule 176.6(e). *See Reed*, 2007 WL 4440901, at *1–2 (relying on Rule 176.6(e) in granting motion for protection filed in jurisdiction of service where original action and order compelling production issued from different district court).

But the State's Petition ignores this farcical result and instead urges this Court to disregard the clear jurisdiction of the Dallas County Court. The Court should decline to do so.

10

**B.      The State's Petition Proves that Abatement Does Not Apply**

The State conflates the nature of the instant proceeding and the parties involved, both of which are critical to the analysis here. The first step the Court here must take is to determine whether "an inherent interrelation of the subject matter exists in two pending ***lawsuits***.'" *In re J.B. Hunt Transport, Inc.*, 492 S.W. 3d at 292. The Collin County action is a lawsuit, filed by the State, against Dr. May C. Lau. The relevant action at the Dallas County Court arose out of a Motion for Protection—***not a lawsuit***—from nonparty subpoenas filed by the Nonparty Patients against the State pursuant to the jurisdiction established in Tex. R. Civ. P. 176.6(e).[6] The State ignores (i) that the action below is a *Motion* for Protection from nonparty subpoenas, not a *lawsuit* arising from the same facts as its enforcement action in Collin County; and (ii) the instant action involves a ***different configuration of parties*** than the Collin County action (there, a party vs. party, and in Dallas County, a nonparty petitioner/movant vs. respondent). By ignoring these critical distinctions, the State's abatement analysis fails.

---

[6] A lawsuit involves a party asserting a *claim* for which a *judgment* might be entered against another. A motion seeks relief, but results in an *order*, but not a judgment on the merits that either imposes liability on a *party* or absolves a *party* of liability. In their discussion, when the Nonparty Patients use the word "lawsuit," they refer to a case in which a party asserts at claim against another. The words "case" or "action" refers to matter pending before a court that requires resolution, but not necessarily a judgment, upon its conclusion.

While the State's assertion that "the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts" is generally correct, it omits the fact that this rule deals with situations where there are two competing lawsuits arising from a common set of facts or occurrence involving interrelated *parties*. *Compare* State's Pet.at 10 (citing *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 299–300) *with Coastal Oil & Gas Corp. v. Garza Energy Tr.*, 268 S.W.3d 1, 26 (Tex. 2008) ("a later-filed suit must be abated '[w]hen there exists a complete identity of parties and controversies' between it and a[n] earlier suit").

In many cases the State cites, the identities of the *parties* are the same, unlike here. *See In re J.B. Hunt,* 492 S.W.3d 287 (considering abatement for competing lawsuits filed Waller and Dallas County concerning an auto accident and the parties are the same); *Miles v. Ford Motor Co.*, 914 S.W.2d 135 (Tex. 1995) (same, but competing *appeals* where the parties appealed from Rusk County to different Courts of Appeals); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245 (Tex. 1988) (same, but competing lawsuits in Duval and Nueces County about unpaid plumbing services); *Hiles v. Arnie & Co.*, 402 S.W.3d 820 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (same, but competing lawsuits in Dallas and Harris County over unpaid accounting services).

In the other cases the State cites, the parties might be different among the competing lawsuits (for example, a defendant in a second case may not be a

defendant in the first-filed case), but courts exercised discretion to abate because the cases arise from the same nucleus of operative facts and are overall interrelated. *In re Puig*, 351 S.W.3d 301 (Tex. 2011) (considering abatement regarding competing lawsuits in Fort Bend and Webb County where dispute concerned the ownership of a ranch); *Perry v. Del Rio*, 66 S.W. 3d 239, 248 (Tex. 2001) (same, but three competing lawsuits filed in Travis and two in Harris County challenging the constitutionality of the State's congressional districts, which all involved the same "central" issues as to ripeness); *In re Happy State Bank*, 2018 WL 1918217 (Tex. App.—Fort Worth Apr. 23, 2018, orig. proceeding) (same, but competing lawsuits in Taylor and Parker County about promissory notes); *Encore Enters., Inc. v. Borderplex Realty Tr.*, 583 S.W.3d 713 (Tex. App. 2019) (same, but competing lawsuits in El Paso and Dallas County concerning real estate development); *In re Tex. Christian Univ.*, 571 S.W.3d 384, 388 (Tex. App.—Dallas 2019).

As shown above, each of the State's cited cases turn on the commonality of the parties and the nature of the claims they assert—elements that are critically missing from the Nonparty Patient's Petition before the Dallas County Court. Here, the Nonparty Patients are **non**parties. Like *A-Rent Test Equipment LLC v. Shermco Industries*, the conclusion of the Dallas County proceedings would end with either a protective order or a dismissal order—not a judgment. 2024 WL 339377 at *3 (Tex. App.—Dallas Jan. 30, 2024).

13

Here, the lawsuit in Collin County and the motion in Dallas County do not involve the same parties and do not involve "claims." The Collin County lawsuit is a civil action brought by the State against Dr. May C. Lau. That suit was brought as an enforcement action against Dr. Lau regarding the alleged provision of gender affirming care. The below action was brought by Nonparty Patients against the State seeking protection from nonparty subpoenas issued by the State in the Collin County action to Children's and UT Southwestern Medical Center, which were served in Dallas County. The Nonparty Patients are not a party to the Collin County action, and Dr. Lau is not a party to the action below.

The State cannot get past the absurd result and effective nullification of the Rules of Civil Procedure it advances. Moreover, when the State's cases are compared with the matter here, they support the position of the Nonparty Patients. Failing to get past the first step in the analysis, the State's Petition fails and the Court need not proceed further.

## II.    The Trial Court's Order Simply Memorialized the State of the Case

Separately, the State argues that the trial court's order staying production of documents under the subpoenas violated the stay imposed by the filing of its interlocutory appeal. While the Nonparty Patients do not contest the fact that the State's filing of the interlocutory appeal pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) automatically stayed all proceedings at the Dallas County Court

14

on this matter, the Dallas County Court's Order is not "a further proceeding below" because it merely memorializes the current state of the case and changes no rights or obligations of any party.

On February 3, 2025, the Nonparty Patients filed Motions for Protection in the Dallas County Court, which pursuant to Rule 176.6(e), stays any obligations under the subpoena. "Pursuant to rule 176.6, a motion for protective order ***stays a request for testimony and production of records until such time as the trial court rules on the motion***." *In re Creuzot*, 2024 WL 4784362, at *4 (Tex. App.—Dallas Nov. 14, 2024, no pet.). The Waco Court of Appeals has reached a similar holding. *See Reed*, 2007 WL 4440901, at *2 (finding an abuse of discretion where a court ordered compliance with a subpoena, even though a motion to protect was pending in another court).

As of March 6, when the State filed its interlocutory appeal, which automatically stayed all proceedings below, the Nonparty Patients' motion for protection was still pending. Thus, all production obligations under the subpoenas were stayed on *two* levels—the Nonparty Patients' initial invocation of Rule 176.6(e) in Dallas County and interlocutory appeal. The Dallas County Court's Order that the State currently challenges merely *memorialized* the state of the case. Courts regularly issue written orders to clarify the record. The trial court's written order doing so did not affect any rights or obligations of the parties and nonparties.

15

This is not a proper issue for mandamus. "Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W. 3d 829, 843 (Tex. 2000).

Even if the trial court's order was in error, it is of no moment. The production obligations under the subpoenas were already stayed. Thus, the rights of the State were not "injuriously affect[ed]" by the Order, and therefore it lacks standing to challenge the Order here. *See id.*

Thus, in any event, even if this Court finds that the Dallas County Court's challenged Order is void, production under the subpoenas is still stayed pending resolution of the Nonparty Patients' Motion for Protection at the court below.

## III.  The State has Failed to Prove it is Entitled to Mandamus Relief

Failing to show that the trial court abused its discretion, the State has failed to prove that it is entitled to mandamus relief.

### CONCLUSION AND PRAYER

For the foregoing reasons, Nonparty Patients pray this Court deny the State's Petition for Writ of Mandamus.

16

Dated: May 2, 2025

Respectfully Submitted,

*/s/ William M. Logan*

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
Jonathan Hung
Texas Bar No. 24143033
johung@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
owogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR NONPARTY
PATIENTS**

17

## CERTIFICATE OF FACTUAL SUPPORT

I hereby certify that I have reviewed the foregoing document and concluded that every factual statement in the foregoing document is supported by competent evidence included in the appendix or the record.

/s/ William M. Logan
William M. Logan

## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9.4(i)(1), I hereby certify that the foregoing Response in Opposition to Petition for Writ of Mandamus contains 3,876 words.

/s/ William M. Logan
William M. Logan

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon all interested parties pursuant to Texas Rule of Appellate Procedure 9.5(b)(2).

/s/ William M. Logan
William M. Logan

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of William Logan
Bar No. 24106214
rmarks@winston.com
Envelope ID: 100401940
Filing Code Description: Response
Filing Description: RESPONSE IN OPPOSITION TO RELATORS PETITION FOR WRIT OF MANDAMUS
Status as of 5/5/2025 7:05 AM CST

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David G. Shatto | | david.shatto@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |

Associated Case Party: Hon. Monica Purdy

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Karin Alonzo | | kalonzo@dallascourts.org | 5/2/2025 6:29:47 PM | SENT |

Associated Case Party: Nonparty Patients Nos. 1-11

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| William Logan | 24106214 | wlogan@winston.com | 5/2/2025 6:29:47 PM | SENT |
| Evan Lewis | 24116670 | edlewis@winston.com | 5/2/2025 6:29:47 PM | SENT |
| Jervonne Newsome | 24094869 | jnewsome@winston.com | 5/2/2025 6:29:47 PM | SENT |
| Jonathan Hung | 24143033 | johung@winston.com | 5/2/2025 6:29:47 PM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 5/2/2025 6:29:47 PM | SENT |
| Olivia Wogon | | owogon@winston.com | 5/2/2025 6:29:47 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of William Logan
Bar No. 24106214
rmarks@winston.com
Envelope ID: 100401940
Filing Code Description: Response
Filing Description: RESPONSE IN OPPOSITION TO RELATORS PETITION FOR WRIT OF MANDAMUS
Status as of 5/5/2025 7:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |
| Houston Docketing | | ecf_houston@winston.com | 5/2/2025 6:29:47 PM | SENT |
| David Phillips | | dphillips@winston.com | 5/2/2025 6:29:47 PM | SENT |
| Hollie Albin | | hmalbin@winston.com | 5/2/2025 6:29:47 PM | SENT |
| Sarah McGrath | | smcgrath@winston.com | 5/2/2025 6:29:47 PM | SENT |

Associated Case Party: UT Southwetern Medical Center ("UTSW")

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Martin Cohick | 24134042 | martin.cohick@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 5/2/2025 6:29:47 PM | SENT |